Filed 9/21/23  P. v. White CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES EVERTT WHITE,<br><br>Defendant and Appellant. | F085648<br><br>(Super. Ct. No. MF45727)<br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Merced County.  Carol K. Ash, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P. J., Smith, J. and DeSantos, J.

## **INTRODUCTION**

In 2011, appellant and defendant James Evertt White (defendant) was convicted after a jury trial of first degree premeditated murder with a firearm enhancement, and sentenced to 75 years to life. The judgment was affirmed on appeal.

In 2023, the trial court denied defendant's Penal Code[1] section 1172.6 petition for resentencing, and found he failed to make a prima facie case because the jury instructions showed he was convicted as the actual killer.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Defendant submitted a supplemental brief raising several issues. We address his contentions and affirm the trial court's denial of his petition.

## **FACTS[2]**

"On the afternoon of March 8, 2007, [defendant] … confronted Stephen Jackson on a residential street in Merced. Defendant was angry that Jackson was living with

---

**1** All further statutory citations are to the Penal Code.

**2** The factual summary is from this court's nonpublished opinion in defendant's direct appeal in *People v. White* (Apr. 16, 2013, F063160) [non.pub. opn.] (*White*), which is in the clerk's transcript in this appeal. We further note that in opposition to defendant's initial petition, the People filed a compact disc with the entirety of the record from defendant's jury trial, and defendant submitted the murder instructions in support of his petition.

In reviewing a section 1172.6 petition, the court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.) The role of the appellate opinion is limited, however, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*Clements*, at p. 292; *People v. Lewis* (2021) 11 Cal.5th 952, 972.) We have quoted the factual statement from defendant's direct appeal to place his current arguments in context, and will not rely on that factual statement to resolve his appeal from the trial court's order that found his petition did not state a prima facie case for relief.

2.

defendant's former girlfriend, Lashe Castle, and that Castle had obtained a restraining order against defendant. Defendant produced a black billy club or 'asp,' and hit Jackson with it. Jackson and defendant briefly fought on the street, stopping traffic and attracting neighbors. When Jackson allowed defendant to get up, defendant produced a small gun and fired two shots which hit Jackson in the chest, arm, and neck. Defendant immediately left the scene. The chest wound was fatal and Jackson died within minutes. Jackson's 11-year-old son was present during the fight and the fatal shooting." (*White*, *supra*, F063160.)

## **PROCEDURAL BACKGROUND**

On July 30, 2007, an information was filed in the Superior Court of Merced County charging defendant with count 1, first degree premeditated murder (§ 187), with the special allegation that he personally and intentionally discharged a firearm that proximately caused death or great bodily injury (§ 12022.53, subd. (d)); count 2, possession of a firearm by a felon (former § 12021, subd (a)(1)); and count 3, unlawful possession of a prohibited weapon, a billy club (§ 12020, subd. (a)), with one prior strike conviction (§ 1170.12).[3]

On May 3, 2011, defendant's jury trial began.

## **Jury Instructions**

As to count 1, murder, the jury was instructed with CALCRIM No. 520, murder with malice aforethought.

> "The defendant is charged in Count 1 with murder in violation of Penal Code section 187.
>
> "To prove that the defendant is guilty of this crime, the People must prove that:
>
> "1. The defendant committed an act that caused the death of another person;

---

[3] Appellant was also charged with misdemeanor count 4, brandishing a weapon, and it was dismissed prior to trial.

"2.  When the defendant acted, he had a state of mind called malice aforethought; [¶] AND

"3.  He killed without lawful excuse or justification.

"There are two kinds of malice aforethought, express malice and implied malice.  Proof of either is sufficient to establish the state of mind required for murder.

"The defendant acted with *express malice* if he unlawfully intended to kill.

"The defendant acted with *implied malice* if:

"1.  He intentionally committed an act;

"2.  The natural and probable consequences of the act were dangerous to human life;

"3.  At the time he acted, he knew his act was dangerous to human life; [¶] AND

"4.  He deliberately acted with conscious disregard for human life."  (Italics added.)

CALCRIM No. 521 stated that if the jury convicted defendant of murder, it had to decide whether the offense was first or second degree murder.

"The defendant is guilty of first degree murder if the People have proved that he acted willfully, deliberately, and with premeditation. *The defendant acted willfully if he intended to kill*.  The defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill.  The defendant acted with premeditation if he decided to kill before completing the act that caused death.  [¶] … [¶]  All other murders are of the second degree."  (Italics added.)

The jury was also instructed with CALCRIM No. 505 on justifiable homicide, self-defense or defense of another; CALCRIM Nos. 3471, 3472, and 3474 on self-defense; CALRIM No. 510 on excusable homicide; and the lesser offenses of voluntary and involuntary manslaughter.[4]

---

**4**    "At the beginning of trial, defense counsel said in opening statement that the evidence would show the homicide occurred as a result of self-defense or heat of passion. During trial, however, defendant testified that he never fired the gun, and it accidentally discharged when a

4.

The jury was not instructed on the felony-murder rule, the natural and probable consequences doctrine, principals, accomplices, and aiders and abettors, conspiracy, or any other theory of imputed malice.

**Convictions and Sentence**

On May 31, 2011, the jury convicted defendant of count 1, first degree premediated murder, and found true the personal discharge enhancement; count 2, felon in possession of a firearm; and count 3, possession of a billy club. The trial court found the prior strike conviction true.

On August 16, 2011, the trial court imposed an aggregate term of 75 years to life, based on 25 years to life for count 1, doubled to 50 years to life as the second strike term, plus 25 years to life for the personal discharge enhancement. The court stayed the term for count 2 and imposed a concurrent term for count 3.

**Direct Appeal**

On April 16, 2013, this court filed the nonpublished opinion that affirmed the judgment, and rejected defendant's claims of evidentiary error and prosecutorial misconduct. (*White*, *supra*, F063160.)

**PETITION FOR RESENTENCING**

**Habeas Petition**

On July 29, 2022, defendant, acting in propria persona, filed a petition for writ of habeas corpus with the trial court, and requested resentencing on the personal discharge enhancement pursuant to Senate Bill No. 620 (2017–2018 Reg. Sess.), and argued that amended section 12022.53 gave the trial court discretion to dismiss the firearm enhancement.

---

bystander intervened and struggled to take control of the weapon. The prosecution produced that bystander as a rebuttal witness, and he testified that he never touched the gun, and that defendant fired the shots directly at Jackson." (*White*, *supra*, F063160.)

Defendant's habeas petition also requested resentencing pursuant to Senate Bill No. 1437 (2017–2018 Reg. Sess.) and Senate Bill No. 775 (2021–2022 Reg. Sess.) because the jury instructions showed he was convicted of first degree murder based on the natural and probable consequences doctrine, and his conviction should be reduced to manslaughter. Defendant requested appointment of counsel. Defendant's petition was supported by documentary exhibits, including the murder instructions given at his trial (CALCRIM Nos. 520 & 521).

On September 22, 2022, the People filed opposition and argued defendant was not entitled to resentencing and failed to make a prima facie case because the jury instructions showed he was not convicted under any theories of imputed malice. In support of the opposition, the People submitted a compact disc that contained the record from defendant's direct appeal.

On September 26, 2022, the trial court denied defendant's habeas petition because section 1172.6 provided an adequate remedy at law. In the interests of judicial efficiency, the court ordered defendant's petition for resentencing to be separated from the habeas petition, and filed with the court. The court appointed counsel to represent defendant, and ordered further briefing.

**Petition for Resentencing**

On September 26, 2022, as a result of the court's order, defendant's petition for resentencing was refiled as a separate motion.

**The People's Opposition**

On November 17, 2022, the People filed opposition to defendant's petition, and argued defendant failed to make a prima facie case because the jury instructions and verdict established defendant was convicted as the actual killer who acted with malice.

**The Trial Court's Hearing**

On January 20, 2023, the trial court conducted a hearing on defendant's petition. Defendant was present with his attorney.

Defense counsel argued defendant strongly felt his petition should be granted because the record of conviction showed "he did not have the requisite intent," and an evidentiary hearing should be held. The prosecutor replied the jury instructions showed defendant was convicted as the actual killer who acted with intent and malice, and he was ineligible for resentencing.

The trial court held defendant failed to make a prima facie showing and denied the petition.

On January 26, 2023, defendant filed a timely notice of appeal.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*. The brief also included counsel's declaration that defendant was advised he could file his own brief with this court. In response to this court's order, defendant filed a supplemental brief. We review defendant's contentions.

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The record of conviction includes the jury instructions. (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251–1252; *People v. Harden* (2022) 81 Cal.App.5th 45, 50, 54–55; *People v. Offley* (2020) 48 Cal.App.5th 588, 599.)

In his supplemental brief, defendant requests this court to independently review the record. He also claims that he was improperly convicted based on implied malice, as defined in CALCRIM No. 520, and the instructions did not "specify or exclude any particular theory of murder and thus does not establish ineligibility for resentencing as a matter of law."

Defendant's argument is based on CALCRIM No. 520's definition of implied malice as an intentional act, the natural and probable consequences of which were dangerous to human life. Senate Bill No. 1437 (2017–2018 Reg. Sess.) eliminated

7.

natural and probable consequences liability based on imputed malice, but implied malice remains a valid theory for murder. (*People v. Cortes* (2022) 75 Cal.App.5th 198, 201–202; *People v. Schell* (2022) 84 Cal.App.5th 437, 442–443; *People v. Clements*, *supra*, 75 Cal.App.5th at pp. 298–299.)

In this case, however, defendant was convicted of first degree premeditated murder. CALCRIM No. 520 stated "defendant acted with express malice if he unlawfully intended to kill." CALCRIM No. 521 further stated that the defendant acted willfully "if he intended to kill. The defendant acted deliberately if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill. The defendant acted with premeditation if he decided to kill before completing the act that caused death."

Defendant was convicted of first degree premeditated murder based on express malice and his specific intent to kill, and not based on any theory of implied or imputed malice. "The primary difference between express malice and implied malice is that the former requires an intent to kill but the latter does not." (*People v. Soto* (2018) 4 Cal.5th 968, 976.) "[F]irst degree murder requires express malice, and the concept of express malice includes that of willfulness. A willful murder is an intentional murder, and malice is express when there is an intent to unlawfully kill a human being." (*People v. Moon* (2005) 37 Cal.4th 1, 29.)

The jury instructions and verdict establish defendant was ineligible for resentencing as a matter of law.

## DISPOSITION

The court's order of January 20, 2023, denying defendant's section 1172.6 petition for resentencing, is affirmed.